Favian Valencia, WSBA #43802
Sunlight Law, PLLC
402 E. Yakima Ave., Ste. 730
Yakima, WA 98902
Telephone: (509)388-0231

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**
**AT YAKIMA**

| | |
|---|---|
| JOSE VERA, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. DEPARTMENT OF INTERIOR BUREAU OF INDIAN AFFAIRS, and THE UNITED STATES OF AMERICA, <br><br> Defendants. | Cause No. 1:17-cv-3005 <br><br> COMPLAINT FOR PERSONAL INJURIES |

Plaintiff Jose Vera (hereinafter Mr. Vera) alleges as follows:

### I. Jurisdiction and Venue

1.1   Plaintiff at all times material hereto, was a resident of Yakima County.

Complaint for Personal Injuries – 1

**SUNLIGHT LAW, PLLC**
402 E. Yakima Ave, Ste 730
Yakima, Washington 98901
(509)388-0231

1.2 Defendant U.S. Department of Interior Bureau of Indian Affairs (hereinafter "BIA") is an agency of the United State of America (hereinafter "USA") and, at all times material, was conducting its business in Yakima County, Washington.

1.3 This case is brought pursuant to the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671 *et seq.*

1.4 The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § §1331, 1332, 1346(a)(2), 2201, and 2202.

1.5 This Court has exclusive jurisdiction over this claim against ICE and USA pursuant to 28 U.S.C. § 2671 because Plaintiff has exhausted his administrative remedies by filing an FTCA claim, which was denied on July 11, 2016.

1.6 Venue is proper in Federal Eastern District of Washington pursuant to 28 U.S.C. §§ 1391(b)(2) and 1402(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## II. Facts

2.1 On January 27, 2014, Mr. Vera was driving a logging truck northbound on Bureau of Internal Affairs Road 140 (hereinafter "BIA 140"). As Mr. Vera came upon a sharp curve, he did not have enough time to slow down and his vehicle slid and drove off the road and down a 60 foot embankment.

2.2 BIA 140 did not have any signs to warn of the curve or to indicate what the speed limit was around the curve. The road also, did not have any side rails to prevent vehicles from driving off the road. The road design is unreasonably dangerous.

2.3    Mr. Vera's vehicle crashed front-first into the bottom of the canyon and he suffered severe personal injuries. Mr. Vera's passenger passed away immediately after the crash.

2.4    Defendant was responsible for the design, construction, maintenance and repair, signage and safety of the roadways in the portion of the road that Mr. Vera crashed. Defendants were further responsible for taking all necessary precautions to ensure that such roadway was kept in a condition that was safe for drivers traveling in that location. Defendant failed to comply with these duties.

2.5    Defendant was aware of the unreasonably dangerous nature of the road by virtue of other accidents and incidents prior to accident at issue herein involving vehicles driving off the road at the above-mentioned location.

2.6    As a direct and proximate result of the negligence, recklessness, and wrongful conduct of each of the defendants, Mr. Vera suffered permanent and severe physical, cognitive, neurological, emotional and other injuries and damages as a result of the accident.

## IV. First Cause of Action – Negligence and Failure to Warn

4.1    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1.1-2.6.

4.2    Defendant had a duty to exercise reasonable care in the decision-making, design, construction, maintenance, repair, marking, and signing of BIA 140 to ensure it was maintained in a condition that is reasonably safe for drivers traveling at that location. Defendant had a duty to comply with the requirements of the Manual on Uniform Traffic Control Devices, and the version with Washington modifications, and other provisions of Washington law pertaining to the construction, maintenance, repair, marking and signing of roadways, including those requiring guardrails, barricades and barriers.

4.3    At the time of the accident, Defendant failed to properly construct, maintain, repair, mark, and erect appropriate barriers and signage on South 116th Street and at the dead-end in a manner that was reasonably safe for use by motor vehicles and their drivers.

4.4    Defendant's negligence, recklessness and other wrongful conduct was a proximate cause of the accident and of plaintiff's injuries and damages.

### V. Second Cause of Action – Failure to Warn

5.1    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1.1-4.4.

5.2    Defendant had a duty to install and maintain proper warning signs, barriers, guardrails and/or barricades where there are deceptive or dangerous conditions in or on the roadway. Defendant had a duty to ensure that the signs, barriers, guardrails, and/or barricades properly warned drivers of the sharp curve and embankment.

5.3    Defendant had knowledge that the curve was deceptive and dangerous for motor vehicles and their drivers using the roadway at that location.

5.4    Defendant's failure to warn motor vehicle drivers of the deceptive and/or dangerous conditions present at the curve on BIA 140 was the direct and proximate cause of the accident and Plaintiff's injuries and damages.

### V. Prayer for Relief

5.1    Mr. Vera is entitled to recover judgment against the defendant for the reasonable value of his past and future health care expenses, for his past and future lost earnings and / or lost earnings capacity, and for his pain, suffering, disability and loss of enjoyment of life, past present and future, all in amounts which will be proven at the time of trial herein.

5.2    Mr. Vera prays for judgment against the Defendant as follows:

Complaint for Personal Injuries – 4

**SUNLIGHT LAW, PLLC**
402 E. Yakima Ave, Ste 730
Yakima, Washington 98901
(509)388-0231

5.2.1   For his past and future economic and non - economic damages in amounts to be proven at the time of trial herein;

5.2.2   For Plaintiff's costs and disbursement incurred herein, along with attorney fees; and

5.2.3   For such other and further relief as the Court deems just and equitable.

DATED this _6th_ day of January, 2017.

Sunlight Law, PLLC

By: _Favian Valencia_____
Favian Valencia, WSBA #43802
Attorney for Plaintiff
402 E. Yakima Ave, Ste 730
Yakima WA 98901
(509)388-0231