UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSA VERA,<br><br>                    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR BUREAU OF INDIAN AFFAIRS and UNITED STATES OF AMERICA,<br><br>                    Defendants. | NO: 1:17-CV-3005-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

BEFORE THE COURT is Defendants' motion to dismiss all of Plaintiff's claims for lack of subject matter jurisdiction and some of Plaintiff's claims for failure to state a claim upon which relief may be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). **ECF No. 5**. Plaintiff also moves for leave to amend his complaint. **ECF No. 7**. The Court has reviewed the parties' filings, the relevant law, and is fully informed.

///

///

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND ~ 1

## BACKGROUND

As alleged by the complaint, Plaintiff Jose Vera was driving a logging truck on "Bureau of Internal [sic] Affairs Road 140" in January 2014 when he was unable to negotiate a curve, and slid down a steep embankment. ECF No. 1 at 2. Mr. Vera's passenger died immediately, and Mr. Vera suffered severe personal injuries.

Mr. Vera brings two claims against Defendants United States Department of the Interior, Bureau of Indian Affairs ("BIA"), and the United States of America ("United States"). First, Mr. Vera alleges that Defendants are liable to him for negligence and a failure to warn relating to the construction, maintenance, repair, marking, and signing of the roadway on which his crash occurred. ECF No. 1 at 3. Specifically, Plaintiff alleges that "Defendant [sic] failed to properly construct, maintain, repair, mark, and erect appropriate barriers and signage on South 116th Street and at the dead-end in a manner that was reasonably safe for use by motor vehicles and their drivers" and that Defendants' actions or inactions proximately caused Plaintiff's injuries. ECF No. 1 at 4. Second, Mr. Vera alleges that Defendants breached a duty to properly warn drivers of the sharp curve and embankment on the road at issue, either through signage or impediments such as guardrails or other barriers.

The United States filed a declaration by Kurt Fredenberg, the Regional Road Engineer who oversees the Tribal Transportation Program and the Road

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND ~ 2

Maintenance Program for the Northwest Region Office of the BIA's Transportation Branch and who has been with the BIA since 1994. ECF No. 5-2. As attested to by Mr. Fredenberg, the BIA's responsibilities regarding design, operation, and maintenance of roads on tribal lands apply to routes that are part of the National Tribal Transportation Facilities Inventory ("NTTFI"). ECF No. 5-2 at 1. The road on which Plaintiff's accident occurred is known both as BIA Route 140 and Signal Peak Road ("Signal Peak Road"). Signal Peak Road traverses an area "entirely within the exterior boundaries of lands owned by the [United States] in trust for the benefit of the Yakama[.]" ECF No. 5-2 at 7.

A portion of Signal Peak Road is located within an area of the Yakama Reservation that the Yakama Nation tribal government decided to close to the public in 1990. ECF Nos. 5-2 (Declaration); 5-4 at 1 (Resolution T-166-90). The Yakama Tribal Council's 1990 resolution was followed by an additional resolution in 1991 that accepted BIA's relinquishment back to the Yakama Nation of "any rights of way or easements it has over roads and bridges" within the closed area of the reservation. ECF No. 5-5 at 1 (Resolution T-113-91). The Resolution also contains the cryptic language: "it is not the intent of the Yakima [sic] Tribal Council by accepting the relinquishment of BIA rights of way and easements to relieve any obligation of the BIA under the Trust Responsibility or the Treaty of 1855, to provide road maintenance funding from potential sources other than Federal Highway Administration public roads funding[.]" ECF No. 5-5 at 1.

In 1996, the Tribal Council issued a third relevant resolution, which began by recognizing that the "eastern portion (approximately 12 miles) of Signal Peak Road" and another road in the closed area of the reservation were "in definite need of immediate maintenance and repairs[.]" ECF No. 5-6 at 1 (Resolution T-190-96). The Yakama Tribal Council then redesignated the easternmost twelve miles of Signal Peak Road as "Open Area land[]" to qualify the route for inclusion in the BIA Roads System. ECF No. 5-6 at 1-2. Plaintiff's accident occurred east of milepost 20 on Signal Peak Road, an area that still was within the closed area of the Yakama Reservation after the 1996 Tribal Council resolution. ECF No. 5-2 at 8.

## LEGAL STANDARDS

*Federal Rule of Civil Procedure 12(b)(1)*

Rule 12(b)(1) motions to dismiss challenge a federal court's jurisdiction over the subject matter of a plaintiff's complaint. See Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) attacks can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. A court resolving a factual attack on subject matter jurisdiction may consider evidence beyond the complaint and need not accept the plaintiff's allegations as

true. *Id.* The party asserting federal subject matter jurisdiction bears the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

*Federal Rule of Civil Procedure 12(b)(6)*

A defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion Rule 12(b)(6) motion to dismiss, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required, however, to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

## DISCUSSION

*Proper Defendant under Federal Tort Claims Act*

As a preliminary matter, Plaintiff concedes that the United States Department of Interior, Bureau of Indian Affairs, should not be named as a Defendant in this action under the Federal Tort Claims Act ("FTCA"). The United States is the only proper defendant in an FTCA action. *Kennedy v. United States Postal Serv*. 145 F.3d 1077, 1079 (9th Cir. 1998). Consequently, the United States Department of Interior, Bureau of Indian Affairs, is dismissed as a named Defendant.

*Subject Matter Jurisdiction under the Federal Tort Claims Act*

The United States and its agents are immune from suit unless it has waived sovereign immunity. *Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015). A district court lacks subject matter jurisdiction to adjudicate any claims against which sovereign immunity remains intact. *See, e.g., Orff v. United States*, 358 F.3d 1137, 1141 (9th Cir. 2003). Although the plaintiff bears the burden of persuading the Court that it has subject matter jurisdiction under the FTCA's general waiver of immunity, "the United States bears the burden of proving the applicability of one of the exceptions to the FTCA's general waiver[.]" *Prescott v. United States*, 973 F.2d 696, 702 (9th Cir. 1992).

The United States has waived its sovereign immunity with regard to tort liability under the FTCA "under circumstances where the United States, if a private

person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA, as a general proposition, allows an injured plaintiff to sue the United States for the negligence of federal employees. *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) ("The Federal Tort Claims Act provides that the United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees."). A negligence claim consists of duty, breach, causation, and injury. *Keller v. City of Spokane*, 146 Wn.2d 237, 242 (Wash. 2002).[1]

---

[1] The parties do not offer analysis of what "law of the place" applies to this civil claim by an individual who may be non-Indian against a non-tribal entity, the United States, arising in Indian Country. Courts applying the FTCA have adhered to the rule that "law of the place" in 28 U.S.C. § 1346 refers to the law of the state where the negligent act allegedly occurred. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) ("We have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA."). Courts have not varied from that rule even when the negligence claim arises out of events that occurred on tribal land located within the state. *See Bryant v. United States*, 147 F.Supp.2d 953, 956 (D. Ariz. 2000) (citing *Red Lake Band of Chippewa Indians v. United States,* 290 U.S. App. D.C. 263, 936 F.2d 1320 (D.C. Cir. 1991)*; Seyler v. United States,* 832 F.2d 120 (9th Cir. 1987); *Bryant v. United*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND ~ 7

The thrust of the United States' primary factual attack on Plaintiff's basis for subject matter jurisdiction is that the part of Signal Peak Road on which Plaintiff's accident occurred has been within the exclusive control of the Yakama Nation and therefore the United States had no duty regarding that part of Signal Peak Road. The United States also argues in the alternative that Plaintiff's lawsuit is barred by the discretionary function exception. With respect to that exception, the United States has not waived its immunity from suit for allegations based on a federal employee or agent failing "to exercise or perform a discretionary function or duty . . . . whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

The Court finds it unnecessary to reach any exceptions to the FTCA's general waiver of immunity. Plaintiff responded to the United States' motion to dismiss by emphasizing that the United States continued to own the land on which Signal Peak Road is located in trust for the Yakama Nation. Plaintiff further argues that "the BIA was (presumably through the [Tribal Transportation Program] and [Road Maintenance Program]) responsible for creating, designing and maintaining [Signal Peak Road] between the time period of approximately 1940 to 1990." ECF No. 6 at 3. Plaintiff did not counter Defendant's factual attack that the relevant portion of the Signal Peak Road was solely in the Yakama Tribe's

*States*, 565 F.2d 650 (9th Cir. 1977)). Therefore, the Court looks to Washington law for Plaintiff's two negligence-based causes of action.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND ~ 8

control with any factual showing of his own. Rather, Plaintiff relied on Defendant's declaration and exhibits regarding control of the road.

However, Plaintiff's emphasis of ownership of the land and responsibilities that the United States may have had in the past regarding the roadway, but which ended more than 23 years before Plaintiff's accident, do not form a basis grounded in fact or law to deny Defendant's motion to dismiss. Plaintiff does not dispute Defendant's account of the location at which Plaintiff's accident occurred or the status of that portion of Signal Peak Road as being within a closed area of the reservation, and, therefore, not included in the NTTFI. Plaintiff also does not dispute that, by statute, only transportation facilities that appear on the NTTFI are "eligible for assistance" for construction or maintenance activities. 23 U.S.C. § 202 (b)(1)(A). Consequently, ownership of the land under the circumstances present here does not amount to control or any responsibility for the relevant roadway, or give rise to the duties that Plaintiff alleges.

The Court also considered whether granting Plaintiff leave to amend his complaint would resolve the issue of whether the general waiver of sovereign immunity under 28 U.S.C. § 1346(b)(2) applies. Plaintiff moves to amend his complaint to "include language of specific negligence in the 'Cause of Action' section of the Complaint that already was included in the 'Facts' section of the complaint." ECF No. 7 at 1-2. Plaintiff's proposed first amended complaint adds specificity to the first cause of action in the form of an allegation that Defendant

should have marked the roadway with speed limit signs and signs to slow down, and should have set a "proper and safe speed limit" for the curve where Plaintiff crashed. ECF No. 7-1 at 3-4. Plaintiff seeks to add roughly the same details to the second cause of action. ECF No. 7-1 at 4. However, the details that Plaintiff proposes to add through amendment of his complaint would not alter the lack of control by the United States and therefore would not create any basis in law or fact upon which to conclude that jurisdiction exists.

Therefore, the Court finds that the Plaintiff has not met his burden of demonstrating that the United States is subject to suit under the FTCA. *See Kokkonen,* 511 U.S. at 377*; Prescott*, 973 F.2d at 702. Plaintiff has not responded to the United States' factual attack on subject matter jurisdiction with anything to persuade the Court that the United States has waived immunity under § 1346(b)(1). Nor does Plaintiff's proposed amendment cure the jurisdictional defect.

Given that the Court has found that it lacks jurisdiction to adjudicate Plaintiff's claims, it does not proceed to analyze whether Plaintiff fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 5**, is **GRANTED**. Defendant BIA is dismissed as an improperly named party, and the Plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

2. Plaintiff's Motion for Leave to Amend, **ECF No. 7**, is **DENIED**.

The District Court Clerk is directed to enter this Order, enter judgment without costs for the United States, provide copies to counsel, and close this case.

**DATED** August 16, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge