**NOT FOR PUBLICATION**

FILED

SEP 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE VERA, | No.   17-35724 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-03005-RMP |
| v. | |
| BUREAU OF INDIAN AFFAIRS, U.S. DEPARTMENT OF THE INTERIOR and UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted August 28, 2018
Seattle, Washington

Before:  McKEOWN, W. FLETCHER, and GOULD, Circuit Judges.

Vera appeals the district court's order dismissing his negligence suit against

the United States for lack of subject matter jurisdiction.  Because we conclude that

this jurisdictional motion should have been treated as a motion for summary

judgment and that some discovery must be conducted before summary judgment

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

can be granted, we vacate and remand for further proceedings.

       1.     The district court erred in granting the Rule 12(b)(1) motion to dismiss without treating it as a motion for summary judgment.  As we have held, where "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits," challenges to the presence of jurisdictional facts must be treated as motions for summary judgment with the corresponding protections for the nonmoving party.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (quoting *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 139 (9th Cir. 1983).  This rule squarely controls this case.

      Here, the basis of the United States' jurisdictional attack is an allegation that it does not control the relevant portion of Signal Peak Road. That jurisdictional issue is closely intertwined with the merits question of the government's duty to Vera as asserted in his tort action, to have taken steps to make the road safe.  The district court's handling of the government's 12(b)(1) motion required Vera to defend a core element of his substantive tort case at its outset. Under our precedents, particularly *Safe Air* and *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983), this entitles Vera to the protections of a summary judgment motion rather than the more limited protections given to a plaintiff responding to a factual attack on jurisdiction.

2

2.    The district court's decision cannot be affirmed because the United

States is not entitled to summary judgment.  While we agree with the United States

that the evidence currently in the record would entitle it to summary judgment, we

cannot agree that Vera's case should be dismissed without a chance for him to

obtain discovery related to his case.

To be sure, the merits of Vera's requests for discovery were far from

transparent, and we do not fault the district court for discounting them to some

extent.  However, because discovery may yield information relevant to critical

matters at issue—specifically, the precise location of the accident and portion of

the road over which the United States had direct control—we are reluctant to grant

summary judgment before the nonmoving party has had an opportunity for

discovery.  *See Jacobson v. United States Dep't of Homeland Sec.*,

882 F.3d 878, 883 (9th Cir. 2018) (citing *Burlington N. Santa Fe R.R. Co. v.*

*Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir.

2003)); *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (citing

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).

This hesitancy is reinforced because procedural complications have

obscured the substance of a motion for summary judgment, dressed up as a

jurisdictional challenge.  Because the government's motion was filed as a 12(b)(1)

motion and not as a motion for summary judgment, we cannot assume that

discovery-related objections to summary judgment would have been raised with

Rule 56(d) and its requirements in mind. We vacate and remand so that

appropriate discovery can take place, after which either party may renew or assert a

summary judgment motion.

3. The district court's decision cannot be affirmed on the basis that Vera

failed to state a claim. The complaint, by alleging that the government had control

over the road and a duty to install signs and/or boundary features that would have

prevented Vera's accident, is sufficiently specific to meet the standard set out

under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007).


 Costs are awarded to the appellant under Fed. R. App. Proc. 39.

 **VACATED AND REMANDED.**