Joseph H. Harrington
United States Attorney
Eastern District of Washington
*Rudy J. Verschoor*
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| JOSE VERA, | | |
| | Plaintiff, | 1:17-cv-03005-RMP |
| vs. | | |
| U.S. DEPARTMENT OF INTERIOR BUREAU OF INDIAN AFFAIRS, and the UNITED STATES OF AMERICA, | | STATEMENT OF MATERIAL FACT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |
| | Defendants. | |

Defendant, United States of America, by and through its counsel of record, Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and the undersigned Assistant United States Attorney, pursuant to Local Civil Rule 56(c)(1)(A), hereby submits its Statement of Material Facts Not in Dispute in support of its Motion for Summary Judgment.

**BACKGROUND ON THE CLOSED AREA OF THE YAKAMA RESERVATION**

1. The Closed Area of the Yakama Indian Reservation, which makes up about 2/3 of the 1.3 million acre reservation, has been closed to the general public since 1972. *Brendale v. Confederated Tribes and Bands of the Yakama Indian Nation*, 492 U.S. 408, 415 (1989).

2. In 1990, the Yakama Nation passed a tribal resolution that confirmed its prior closure of a large part of the Yakama Indian Reservation. *First Declaration of Kurt Fredenberg*, Ex. 2 (Tribal Resolution T-166-90) (ECF No. 5-2).

DEFENDANT'S STATEMENT OF MATERIAL FACT - 1

3. In that resolution, the Yakama Nation took over access to the Close Area and took control of roads within the Closed Area by placing a moratorium on "the use of BIA funds for construction, operation and maintenance of roads within the Closed Area of the Yakama Indian Reservation." *Id.*, Ex. 2.

4. In 1991, the Yakama Nation passed another resolution (T-113-91) whereby the Yakama Nation accepted the BIA's relinquishment of all BIA rights of way and easements over roads and bridges in the Closed Area of the Yakama Indian Reservation. *First Fredenberg Decl.*, Ex. 3.

5. Thus, the portion of the Signal Peak Road in the Closed Area of the Yakama Indian Reservation became the sole responsibility of the Yakama Nation.

6. The Yakama Nation passed another resolution (T-190-96) which stated that only non-federal, unrestricted Tribal funds were being expended on roads in the Closed Area. *First Fredenberg Decl.*, Ex. 4.

7. That resolution allowed Federal funds available to the BIA to be spent on the eastern portion of Signal Peak Road (approximately 12 miles) in the Open Area of the Yakama Indian Reservation. *Id.*, ¶ 20.

8. But the area where the subject accident occurred is to the west of this segment of Signal Peak Road, and thus, Federal funds were not being used on the segment of road on which the subject accident occurred. *First Fredenberg Decl.* ¶¶ 15-16; 18-19.

9. That portion of Signal Peak Road where Plaintiff had his accident (approximately milepost 20) on January 27, 2014 is within the Closed Area of the Reservation. *First Fredenberg Decl.*, ¶¶ 13; 15; *Verschoor Decl.*, Ex. 1 (Littlebull Report); *Verschoor Decl.*, Ex. 2 (Kingman Report).

## THE ACCIDENT

10. Mr. Vera has been driving a logging truck for about 17 years. *Verschoor Decl.,* Ex. 4 (Depo. Tr. J. Vera, p. 9, ll. 4-5).

DEFENDANT'S STATEMENT OF MATERIAL FACT - 2

11. Mr. Vera understood the risks of driving a logging truck in this area because he had previously had an accident while driving a logging truck just five miles from Signal Peak Road. *Id*. (Depo. Tr. J. Vera, p. 12, l. 16 to p. 13, l. 3).

12. Mr. Vera, at the time of the accident on January 17, 2014, was working for Mistletoe Logging. *Id*. (Depo. Tr. J. Vera, p. 7, ll. 11-20; p. 9, ll. 8-9); *Verschoor Decl*., Ex. 1 (Littlebull Report).

13. On January 27, 2014, the date of the accident, there was some snow on Signal Peak Road at Surprise Creek and some areas without snow. *Id*., Ex. 1 (Littlebull Report); Ex. 2 (Kingman Report); Ex. 3 (Kingman photograph).

14. Mr. Vera confirmed, during his deposition, that his entry into the Closed Area was through issuance of a permit. *Id.*, (Depo. Tr. J. Vera, p. 17, ll. 7-25).

15. Surprise Creek is about five (5) miles into the Closed Area of the Yakama Indian Reservation. *Verschoor Decl*., Ex. 5 (Timber Sale Inspection Report); Second *Fredenberg Decl*., ¶ 18 (ECF No. 34-1).

16. Mr. Vera had driven past Surprise Creek on the Signal Peak Road many times. *Id.*, Ex. 4 (Depo. Tr. J. Vera, p. 18, ll. 19-24); *Id*., Ex. 6 (Ans. To Inter. No. 13).

17. Mr. Vera explained that some days, he hauls more than one load of logs out of the timber sale. *Id*. (Depo. Tr. p. 16, ll. 6-19).

18. Mr. Vera claimed that warning signs on the road were on the ground or in disrepair, but knew what they looked like. *Id*. (Depo. Tr. p. 18, l. 25 to p. 19, l. 16).

19. He also admitted that he does not pay much attention to the warning signs because he knows he has to slow down at that curve because he had driven it many times. *Id*. (Depo. Tr. J. Vera, p. 21, l. 21 to p. 22, l. 12).

20. Mr. Vera also admitted that on January 27, 2014, he drove to the timber sale on the Signal Peak Road from White Swan the morning of the accident. *Id*. (Depo. Tr. P. 21, l. 21 to p. 22, l. 21).

DEFENDANT'S STATEMENT OF MATERIAL FACT - 3

21. Mr. Vera was aware that as a vehicle approaches Surprise Creek from the west, the road has a slight downhill section before the curve at Surprise Creek. *Id.* (Depo. Tr. J. Vera, p. 28, ll. 1-22).

22. Mr. Vera also admitted that right before the accident, he knew he was approaching Surprise Creek. *Id.*, Ex. 4 (Depo. Tr. J. Vera, p. 29, ll. 13-16).

23. As Mr. Vera was approaching the curve at Surprise Creek, he attempted to slow down but the truck did not slow down and he drove off the embankment. *Complaint*, ¶ 2.1 (ECF No. 1); *Verschoor Decl.*, Ex. 4 (Depo. Tr. J. Vera, p. 29, l. 17 to p. 30, l. 13).

Dated: July 9, 2019.

Joseph H. Harrington
United States Attorney

*s/Rudy J. Verschoor*
RUDY J. VERSCHOOR
Assistant United States Attorney
USAWAE.RVerschoorECF@usdoj.gov

DEFENDANT'S STATEMENT OF MATERIAL FACT - 4

# CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2019, I caused to be delivered via the method listed below the document to which this Certificate of Service is attached (plus any exhibits and/or attachments) to the following:

| NAME & ADDRESS | Method of Delivery |
| --- | --- |
| Favian Valencia<br>Sunlight Law, PLLC<br>402 E. Yakima Avenue, Suite 730<br>Yakima, WA  98902<br>sunlightlawpllc@gmail.com<br>favian@sunlightlaw.com<br>fatima@sunlightlaw.com | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |

*s/Rudy J. Verschoor*
RUDY J. VERSCHOOR
Assistant United States Attorney

DEFENDANT'S STATEMENT OF MATERIAL FACT - 5